

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2013

# In Re: Clinton Barlow Elmalean Bows

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Clinton Barlow Elmalean Bows " (2013). *2013 Decisions.* Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-142                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1063
_____

IN RE:  CLINTON C. BARLOW
ELMALEAN BOWSER a/k/a Elmalean Austin,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(12-30150)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 7, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: March 27, 2013)
_____

OPINION
_____

PER CURIAM

On January 10, 2013, petitioner Elmalean Bowser filed an appeal in the District Court

from the Bankruptcy Judge's order dismissing her case.  Her nephew, petitioner Clinton C.

Barlow, apparently acting with power of attorney for Bowser, concurrently filed a petition for a

writ of mandamus.  Petitioners ask us to remove Bowser's bankruptcy case from the assigned

Bankruptcy Judge, alleging that he exhibited racial bias in violation of her constitutional rights.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Not only are Petitioners' allegations entirely unsubstantiated, Bowser's bankruptcy case is now on appeal to the District Court. A mandamus petition is not a substitute for an appeal. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Accordingly, we will deny the mandamus petition.